[L. A. No. 16037. In Bank.—March 26, 1937.]

VERA JOHNSON et al., Respondents, v. CITY OF SANTA MONICA et al., Appellants.

George H. Moore and Gerald O'C. Egan for Appellants.

Arthur L. Ball and Earl A. Littlejohns for Respondents.

THE COURT.—The plaintiffs, husband and wife, brought this action to recover damages for personal injuries suffered by the wife when a horse she was riding ran into a truck loaded with a ton and a half of broken marble and operated by the defendant, McEntee. The latter was driving the truck in the employ of the defendant, City of Santa Monica. The court made findings and rendered judgment in favor of the plaintiffs. The defendants prosecute this appeal on

the ground that the evidence does not support the finding that the defendant McEntee was guilty of negligence.

The accident occurred on the morning of May 25, 1935, at the intersection of Westminster Avenue and Centinella Boulevard in Los Angeles County. Westminster Avenue is a dirt road which runs in an easterly and westerly direction and ends at the intersection at right angles with Centinella Boulevard from the west. Centinella Boulevard is a paved highway. The vicinity was sparsely settled. Extensive unfenced plowed fields opened on both sides of Westminster Avenue. The plaintiffs lived on Wasatch Street, off Westminster Avenue, a distance of approximately three blocks from the intersection of Centinella and Westminster. They had purchased a twelve year old horse three weeks previously. Since its purchase the horse had been ridden once by the plaintiffs' son about twelve days before the accident. The balance of the time it had been kept on a tether. The plaintiff wife was about 34 years of age and had not ridden a horse for fourteen years. On the May morning mentioned she mounted the horse and with a companion, a Mrs. Grammer, who was riding another horse, she started out toward Westminster Avenue. Her horse turned into Westminster toward Centinella and began to gallop. As it approached the intersection it increased its speed and when the horse reached the intersection it gave two or three lunges forward and ran head on into the cab of the city truck, catapulting Mrs. Johnson on to the ground on the opposite side of the truck.

The defendant McEntee was driving the truck northerly on Centinella at a speed of about eighteen miles per hour and on the easterly side of the highway. An automobile was immediately ahead of him and another city truck was following him. Behind this second truck witnesses Siegal and Kirkham were riding in an automobile. When McEntee observed the plaintiff wife she and the horse were about 125 feet from the intersection. When the horse had just about reached the intersection McEntee first observed that the plaintiff wife had lost control of her horse. At that moment his truck was entering the intersection. He immediately turned to the right and put on the brakes. He stopped off the highway to the right within twenty feet after the horse ran into the truck.

There is a lack of any substantial evidence of negligence on the part of the defendant McEntee. There is no substantial dispute as to what occurred. The plaintiff wife, called as a witness, testified that she remembered nothing from the time the horse began to trot, which was some considerable distance westerly from Centinella Boulevard, until she recovered consciousness in the hospital. Her companion, Mrs. Grammer, did not appear as a witness.

The theory upon which it was sought to hold the defendant city was that it was the duty of the driver of the truck to use all possible means to avoid the accident after he observed the plaintiff wife in her perilous position (citing *Townsend* v. *Butterfield*, 168 Cal. 564 [143 Pac. 760], and *Eddy* v. *Stowe*, 43 Cal. App. 789 [185 Pac. 1024]), but that by his conduct he did not meet this test. It is assumed that, even without negligence on his part, it was the duty of McEntee by the exercise of ordinary care to avoid the accident. But this duty arose only at the time he observed the plaintiff wife in her perilous position. That moment was when she was entering the intersection. The driver of the truck then acted at once and clearly in a manner to meet all obligations cast upon him by the law. It is not pointed out what he did not do that he was required to do under the circumstances. Certainly it was not incumbent upon him to stop his truck merely because a horse and rider were approaching the road on which he was traveling, at least until he observed that the horse had become unmanageable. Any guess as to what he might have done to avoid the accident is in the realm of surmise and conjecture and has no factual basis in the record. The wife was riding an unmanageable and apparently locoed horse. Its strange actions resulted in misfortune to the plaintiffs, but the defendants have not on the undisputed evidence been shown to be responsible therefor.

The judgment is reversed.

Rehearing denied.