[Civ. No. 679. Second Appellate District.—July 21, 1909.]

## WILLIAM G. JACKSON, Respondent, v. SOUTHERN PACIFIC COMPANY and SOUTHERN PACIFIC RAILROAD COMPANY, Appellants.

NEGLIGENCE—PUMPING PLANT—CAVING IN OF ROCKS AND EARTH IN DEFECTIVE PLACE—INJURY TO PLAINTIFF—NONSUIT PROPERLY DENIED. In an action for an injury to a servant employed to run a pumping plant, consisting of a boiler and two steam pumps, one of which was to pump continuously and the other to be used as a relief, where it appears that rocks and earth had commenced to cave into the well in a defective place therein, of which complaint was made with promise of relief, and plaintiff, being ordered to start the relief pump, was required to go into the well to fix the same, when he was injured as the result of another cave, *held*, that a nonsuit was properly denied on the ground of plaintiff's contributory negligence as matter of law.

ID.—APPEAL BY DEFENDANTS—DIAGRAM OF WELL NOT BROUGHT UP—PRESUMPTION UPON APPEAL.—When a diagram of the well was introduced as part of the defendant's case, and is not brought up by them in the record upon their appeal, it must be presumed to have been most favorable to the view that supports the verdict for the plaintiff.

ID.—CONTRIBUTORY NEGLIGENCE NOT ESTABLISHED—LEAVING OPEN TRAP-DOOR—FAILURE TO STOP REGULAR PUMP.—The leaving open of the trap-door when descending to start the relief pump is not contributory negligence justifying a nonsuit, where there is no evidence that any rocks or earth ever fell through the same; nor could his failure to stop the regular pump in which his thumb was crushed as the result of a cave knocking him from the ladder as he was ascending constitute contributory negligence as matter of law, there being no evidence that the regular pump tended to cause any caving.

ID.—CONTRIBUTORY NEGLIGENCE A QUESTION FOR JURY.—The question of the contributory negligence of the plaintiff was one of fact for the jury; and the same cannot be said to exist as matter of law, either justifying a nonsuit or requiring a verdict for the defendant.

ID.—IMPROPER INSTRUCTION AS TO INTOXICATION—An instruction making the "intoxication of the plaintiff, voluntarily acquired," contributory negligence as matter of law, without regard to its degree or character, was properly refused, as not justified under the evidence in the case.

ID.—INSTRUCTION AS TO VERDICT.—An instruction as to a verdict is proper when it omits no element of facts in the case necessary to justify the conclusion.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

P. F. Dunne, C. W. Durbrow, and Fred E. Borton, for Appellants.

J. W. Wiley, and E. L. Foster, for Respondent.

TAGGART, J.—This is an action brought to recover damages for personal injuries by an employee. Verdict and judgment were for plaintiff, and defendant appeals from the judgment and an order denying its motion for a new trial.

Plaintiff was employed by defendant to run a pumping plant consisting of a boiler and two steam pumps, one of the latter being supposed to pump continuously and the other used as a relief. Plaintiff's duties during his shift were to fire the boiler, look after the pumps, keep one of them going continuously and the reservoir full of water. The boiler was fifty to seventy-five feet from the well, and the pumps were thirty to forty feet down in the well and reached by ladders, the relief pump being some six feet below the regular one. The well was eight or ten feet square, timbered with six by six or eight by six timbers placed about six feet apart, and lagging or planks set in behind the timbers to keep the rock and earth from falling in, and was covered on top by a platform in which was a manhole two by three feet, covered with

a trap, through which descent was made into the well. The well was located between the railroad tracks and the foot of the mountain, and the latter had been excavated to secure a place for the well, so that there was a perpendicular wall of loose rock and earth eighteen or twenty feet high at the rear of the well, while in front it was nearly level with the track. A tunnel had been started into the mountain near one side of the well and the formation around the mouth of the latter on that side was broken and loose. In some places the lagging in the well was close together and in some places apart, and, in one place, it lacked ten or twelve inches of reaching to the platform which covered the well. Through this defective place in the timber rocks and earth had fallen to such an extent that complaint was made to the defendant that the well was unsafe.

In response to this complaint the resident engineer of defendant passing through inquired of plaintiff and the pumper who was on the other shift what was the matter, and was told by the latter that the foot of the tunnel was caving into the well, that it was unsafe to go in, that other men refused to go down, and that the timber was broken beneath the flooring from the weight of the dirt, and that it was all the time caving in and was practically unsafe. The engineer ordered the dirt cleared off, said very little about the broken timbers beneath, but declined to go down into the well to investigate; said he couldn't stop at that time, but told plaintiff he would send somebody back to fix it. Three or four days later plaintiff was ordered to start the relief pump, went down into the well to do so, but being unable to get it to run, was coming up the ladder when some dirt and rock fell in and knocked his torch and oil can from his hand. In attempting to get under the footway to protect himself from the falling matter he slipped and fell, the thumb of his right hand being caught in the pump, which was running, and so injured that it had to be amputated.

Plaintiff rests his case upon the rule declared in *Anderson* v. *Seropian,* 147 Cal. 201, 208, [81 Pac. 521], and claims that he continued in his employment after knowledge of the unsafe condition of the well only because of the promise of defendant that this condition would be remedied, and the expectation that this would be done soon.

In support of its appeal appellant urges error of the trial court in denying defendant's motion for a nonsuit, in giving a certain instruction requested by plaintiff and in modifying another offered by defendant; also, that the evidence is insufficient to support the verdict and that the verdict is against law.

It is contended that the motion for a nonsuit should have been granted because the evidence shows that plaintiff was guilty of contributory negligence, first, in leaving the trap-door open in the top of the well, and, second, by going down to the lower pump while the upper one was running. The plaintiff testified that he didn't know where the rock came from that fell upon him when he was hurt, but there is no evidence that any matter ever fell through the trap-door or could have fallen from that place. There was a diagram of the well introduced in evidence which is not before us, and which, it is true, was a part of defendant's case, but which, if brought up, would be proper for us to consider in determining whether or not any lack of evidence in plaintiff's case had been cured by the evidence given by defendant. Evidence of location of an object dependent upon testimony which locates it by means of a diagram which is not brought up in the record must be assumed to have been most favorable to the view that supports the finding or verdict.

Independent of this, we do not think there is anything in the plaintiff's case to show that the leaving open of the trap-door was necessarily negligence upon his part. Only as it may be argued that it was not necessary to give light in the well because he took a torch can it be said that it was not necessary for that purpose. This would be a matter for the jury. The evidence shows that the manhole was generally covered when the pumper came out, but there is no evidence as to custom when he was in the well, and on this occasion it was thrown aside by plaintiff, and this will be presumed to have been the usual custom and done under instruction in order to support the verdict when the question before us is one of contributory negligence. No question of variance in this respect is suggested in the motion for the nonsuit.

The other ground upon which the nonsuit was asked is, we think, equally untenable. No reason is suggested why the regular pump should be stopped in order to start the relief.

There is no evidence that the falling of the rock was due to the vibration of the pump, as suggested by appellant, and if there were, this would have been a matter of fact for the jury upon the issue of contributory negligence.

The same matters are presented in support of the contention that the evidence is insufficient to support the verdict. This is not a case in which it can be said, as a matter of law, that the employee had an opportunity to choose between two obvious courses of procedure, one comparatively safe and the other plainly dangerous. As to the trap-door, there is no evidence that there ever was any danger of rock falling through it; and as to the running of the regular pump, there is no evidence that it had anything to do with causing the rock to fall. Cases like *Gribben* v. *Yellow Aster Co.*, 142 Cal. 248, [75 Pac. 839], and *Helling* v. *Schindler*, 145 Cal. 309, [78 Pac. 710], have no application here.

The cases from other jurisdictions relied upon by appellant to sustain its contention with respect to the instruction which it requested upon the matter of intoxication as constituting contributory negligence appear to be in conflict with the case of *Robinson* v. *Pioche,* 5 Cal. 461, which is recognized as authority in the recent case of *Perkins* v. *Sunset Co.*, 155 Cal. 712, [103 Pac. 190], and in *Holmes* v. *Oregon etc. Ry. Co.*, 5 Fed. 523, 539. In a general instruction to the jury that their verdict must be for defendants if they found "from the evidence that plaintiff did not exercise that reasonable degree of care which an ordinarily prudent person would have exercised under the circumstances," requested by the defendants, appeared the following: "If you find from the evidence that by reason of the carelessness or intoxication voluntarily acquired" of plaintiff, he did not use such care, etc. The court struck out the words "intoxication voluntarily acquired." There is the opinion of one witness unsupported by facts that plaintiff was under the influence of liquor when he went down into the well, and it may be conceded that if defendants had asked it, an instruction to the effect that this evidence might be considered in determining whether or not plaintiff used ordinary care should have been given, but the effect of the instruction as requested was to make the matter of intoxication alone sufficient to support the defense of contributory negligence without regard to its degree or character,

and under the evidence in this case that would have been improper.

The instruction given at plaintiff's request of which appellant complains was not erroneous. There was no material element of the case lacking in that instruction. This was not true of the instruction cited from *Matter of Calef's Estate,* 139 Cal. 674, [73 Pac. 539]. A general instruction to render a verdict is wrong only when it omits facts necessary to the conclusion. Such a one is the preceding instruction asked by defendants when it is considered in the alternative form relating to intoxication only, but with the special fact of intoxication eliminated and the general one of "want of care" allowed to stand unmodified, the instruction was proper. We see no prejudicial error in the modification of one or the giving of the other instruction.

Judgment and order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 18, 1909.