[L. A. No. 3330. In Bank.—October 5, 1914.]

HARRY R. TOWNSEND, Respondent, v. F. D. BUTTERFIELD, Appellant.

NEGLIGENCE — GRAVAMEN OF CASE — COLLISION WITH AUTOMOBILE — PLEADING AND PROOF.—Where a man traveling on horseback and leading or driving an unbroken horse by a sixty-foot lariat around the animal's neck, is struck by an automobile, and thereafter he brings an action against the owner of the machine for personal injuries thereby sustained, an allegation in the complaint that the defendant "so unskillfully, carelessly and negligently and recklessly

ran, propelled, and operated said automobile that said automobile was driven wantonly and maliciously, and at a rate of speed in excess of twenty miles per hour, upon, against, and over the plaintiff," does not make the gravamen of the case wantonness and malice due to driving at a speed exceeding twenty miles an hour. The essence of the charge is that the defendant so unskillfully and negligently ran the machine that it was driven against the plaintiff; and this can be established by proof of the collision, that it was caused by negligence of the defendant, without proof of malice, wantonness, or recklessness, and without proving that the automobile was going twenty miles an hour.

ID.—LEADING UNBROKEN HORSE ON HIGHWAY—NEGLIGENCE A QUESTION FOR JURY.—Whether it was negligence for the plaintiff to thus lead or drive an unbroken horse upon the highway is a question for the jury.

ID.—FRIGHTENED HORSE—DEGREE OF CARE REQUIRED OF OWNER IN EMERGENCY.—It cannot be said that the plaintiff was negligent, upon the horse becoming frightened and starting to run across the street as the automobile approached, in not dropping the lariat and letting him run away, or, after checking him in the middle of the street, in not pulling him back to the side from whence he started, instead of trying, as he did, to get across the street with him before the automobile reached the place. The jury would not be bound to find the driver or leader negligent, in such emergency, merely because he failed to act in a manner which a deliberate review of the case after the event might show to have been wiser or safer than the course he followed.

ID.—LAST CLEAR CHANCE—SUFFICIENCY OF INSTRUCTION RESPECTING.—In such case a charge to the jury: "You are instructed that the party who has the last clear chance to avoid the accident, notwithstanding the previous negligence of his opponent, is considered solely responsible," while an extremely bare and terse statement of the doctrine, actually embraces all its elements.

ID.—MEAGERNESS OF INSTRUCTION—RAISING QUESTION FOR FIRST TIME ON APPEAL.—If the defendant desires a fuller and more elaborate instruction on the doctrine of the last clear chance, it is his duty to prepare and present the same to the court, or in some way make known to the court the lack of a clearer instruction and his desire for a better definition of the rule. If he fails to do this he cannot complain on appeal of the meagerness of the instruction.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Stanley A. Smith, Judge presiding.

The facts are stated in the opinion of the court.

Anderson & Anderson, for Appellant.

Harriman, Ryckman & Tuttle, for Respondent.

SHAW, J.—The defendant appeals from the judgment and from an order denying his motion for a new trial.

The plaintiff sued to recover damages arising from personal injuries alleged to have been caused by the defendant's negligence. The plaintiff was traveling on horseback eastward, leading and driving an unbroken horse by a sixty-foot lariat fastened around the horse's neck. He kept the led horse ahead of him, using the lariat to stop him when he shied or attempted to run. An automobile belonging to the defendant and driven by his chauffeur, was going westward on the same street. As plaintiff and the automobile approached each other, the unbroken horse became frightened by some act of a man at the side of the street and started running across the street toward the end of another street opening into·it on the opposite side. Plaintiff drew the lariat tight, attempting to stop the horse, but the horse kept on in the direction it had started, thus keeping the lariat tight and obstructing the road. As he was doing this the automobile kept on its course and struck the plaintiff, breaking his right leg and throwing to the ground the horse he was riding. The automobile was brought to a stop some fifteen feet beyond the place of the collision.

The complaint alleges that the defendant "so unskillfully, carelessly and negligently and recklessly ran, propelled and operated said automobile, that said automobile was driven wantonly and maliciously and at a rate of speed in excess of twenty miles per hour, upon, against and over the plaintiff." We do not agree with the appellant in his claim that, under this allegation, the gravamen of the plaintiff's case is wantonness and malice due to driving at a speed exceeding twenty miles an hour. The essence of the charge above quoted is that the defendant so unskillfully and negligently ran the automobile that it was driven against the plaintiff. This charge could be established by proof of the collision, and that it was caused by negligence of the defendant, without proof of malice, wantonness, or recklessness and without proving that the automobile was going twenty miles an hour.

There was sufficient evidence of negligence on the part of the defendant's chauffeur, for the consequences of which, under the circumstances, the defendant was legally responsible. It is unnecessary to detail the evidence at length on this subject. There was little, if any, evidence of contributory negligence on the part of the plaintiff. Defendant's only criticisms of the conduct of the plaintiff are: 1. That when the led horse started to run across the street, the plaintiff should have dropped the rope and let him run away; 2. That after checking or stopping the led horse in the middle of the street, he should have tried to turn or pull him back to the side from whence he started, instead of trying, as he did, to get across the street with him before the automobile should reach the place: It is obvious that a horse controlled by a rope or lariat in the manner stated might become extremely difficult to manage when frightened, and that the jury would not be bound to find the driver or leader negligent, in such emergency, merely because he failed to act in a manner which a deliberate review of the case after the event might show to have been wiser or safer than the course he followed. It was not an inherently negligent act to take an unbroken horse along a street. Highways are made and maintained for the free passage of persons, and of their horses and cattle when properly controlled. There was no evidence that the method of controlling the unbroken horse by means of a rope or lariat fastened to his neck, while taking him along the highway, was an improper or careless method. The use of a rope for that purpose would seem to be a proper precaution and preferable to driving him along with no means of control or check. Under these circumstances it cannot be claimed that the question was not properly left to the jury.

It is further contended that the following instruction, given to the jury at the request of plaintiff, concerning what is known as the doctrine of "the last clear chance" is erroneous:

"You are instructed that the party who has the last clear chance to avoid the accident, notwithstanding the previous negligence of his opponent, is considered solely responsible."

The instruction is taken almost literally from the opinion in *Esrey* v. *Southern Pacific Co.*, 103 Cal. 545, [37 Pac. 500]. It may be admitted that it is extremely bare and terse as a statement of the doctrine. The trial judge might well have

required the counsel to prepare a more complete statement on the subject. But while it would have been better if it had been expressed so as to be more specifically applicable to the particular facts of the case and so that its full meaning and effect would have been more readily perceived, its terms, when given full force according to the meaning of the language, actually embraced all the elements of the doctrine. The appellant sums up his objections by the statement that this, in connection with the other instructions, fails to submit to the jury the following elements of the doctrine of the "last clear chance," namely:

1. Whether or not the plaintiff's danger was perceived by defendant in time to enable him, by ordinary care, to have avoided injuring plaintiff.

2. Whether, after discovering plaintiff's situation of peril, defendant did exercise ordinary care, or did neglect to do some act within his power, which, if done, would have prevented the injury.

3. Whether or not both parties were guilty of concurrent negligence continuing to the time of the accident and each contributing thereto.

4. Whether or not the defendant knew of the danger and could have avoided it against the plaintiff who did not in fact know thereof.

The first point is clearly covered by the statement in the instruction that the defendant must have had the "last clear chance to avoid the accident." He would not have had a clear chance to avoid the accident, unless he had seen the plaintiff's predicament in time to avoid it.

If the point stated in the second objection is not embraced in the instruction itself, it is sufficiently covered by other instructions given, to the effect that the conduct of the defendant's chauffeur was not to be judged by the light of after-acquired knowledge, but by the conditions existing at the time of the accident, and that if he did that which appeared to him at the time best to do and in so doing acted as a reasonably prudent man, his conduct could not be considered negligent, although in the light of subsequent events it might so appear. The conditions existing at the time of the accident and which then appeared to him, included his knowledge as well as the physical facts themselves. From these instructions the jury must have understood that in considering whether or not the

defendant used ordinary care to avert the accident they must determine whether or not he perceived the perilous situation of the plaintiff at the time and whether, after perceiving it, he brought on the injury by his own want of ordinary care.

The objection relating to continuing concurrent negligence was covered by other instructions declaring that the plaintiff could not recover if his own negligence contributed, in whole or in part, directly or proximately, to the injury, "in no matter how slight a degree." It is also embraced in the instruction attacked, by the words: "Notwithstanding the previous negligence of his opponent" and by the statement that the chance of the defendant to avoid the injury must be the "last"' chance. These phrases imply that the cases embraced in the instruction are not those where the negligence of both parties continues and contributes up to the moment of the accident, but those only where the negligence of the party held liable is at the very time the sole producing cause. There are cases where the plaintiff's negligence continues and contributes at the time and the defendant is aware of the fact, as, for instance, where the defendant perceives that the plaintiff is absent-minded, or unaware of the predicament in which he has carelessly put himself, and, with that knowledge, fails to avert the accident when, with reasonable care, he might have done so. This case is not of that character and the omission to advise the jury as to that class of cases did not prejudice the defendant.

We do not see wherein the fourth objection is not within the observations already made regarding the other three.

If the defendant desired a fuller and more elaborate instruction on the doctrine of the last clear chance, it was his duty to prepare and present the same to the court, or in some way make known to the court the lack of a clearer instruction and his desire for a better definition of the rule. Having failed to do this he cannot now complain of the meagerness of the instruction.

These comprise all the points presented in the argument. We find no substantial error in the record.

The judgment and order are affirmed.

Sloss, J., Lorigan, J., Melvin, J., and Henshaw, J., concurred.

Rehearing denied.