[Civ. No. 10990.  Second Appellate District, Division Two.—August 26, 1936.]

LAM ONG, as Administrator, etc., Respondent, v. PACIFIC MOTOR TRUCKING CORPORATION (a Corporation) et al., Appellants.

W. I. Gilbert for Appellants.

Harry M. Irwin and Everett H. Mills for Respondent.

WOOD, J.—Plaintiff obtained a jury's verdict in the sum of $5,000 to compensate for the wrongful death of Lim Duck Ning, alleged to have been caused by the negligence of defendants. The trial court granted the motion of defendants for judgment notwithstanding the verdict. Upon appeal the judgment was reversed with instructions to the superior court to enter judgment in accordance with the verdict. The facts are set forth in the opinion on the former appeal. (*Lam Ong* v. *Pacific Motor Trucking Corp. et al.*, 10 Cal. App. (2d) 329 [51 Pac. (2d) 1112].) It was held on that appeal that there was sufficient evidence to establish heirship and that on the evidence introduced it was the jury's function to determine the question of contributory negligence. Upon receipt of the *remittitur* the superior court entered judgment in favor of plaintiff, and defendants now appeal from this judgment, basing their appeal upon the claim that the court erred in its instructions to the jury.

Defendants contend that they were prejudiced by the giving of an instruction that deceased was presumed to have exercised reasonable care for his own protection and safety. Many decisions have been cited in the briefs in which the giving of this instruction has been discussed. We are satisfied, however, that the decision in the leading case of *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529], disposes of defendants' contention. In that case Mr. Smel-

lie was riding on a truck driven by defendant Ireland. As the truck approached a railroad crossing a freight train passed, and as soon as it had cleared the crossing Ireland started his truck in an attempt to cross the main track. The truck was hit by a passenger train which was traveling on the main track at a high rate of speed. Smellie's heirs sued both the railroad company, and the driver of the truck. Mr. Ireland was called as a witness for plaintiffs under section 2055 of the Code of Civil Procedure. Upon cross-examination he testified that the deceased, who was sitting by his side, said: "It is all clear, let's go." Thorough consideration was given to this case by the court, both in department and in bank, and in an exhaustive and well-reasoned opinion the court not only held that plaintiffs were not bound by the testimony of defendant Ireland under the circumstances, but also that regardless of the status of the witness under section 2055 his testimony was not sufficient to deprive the plaintiffs of the right to an instruction similar to the one attacked by defendants on this appeal. The court quoted with approval from the decision in the case of *Mar Shee* v. *Maryland Assur. Corp.*, 190 Cal. 1 [210 Pac. 269]: "In the Mar Shee case it was held that a fact is proved against a party relying on the presumption 'by the uncontradicted testimony of the party himself, or of his witnesses, under circumstances which afford no indication that the testimony was the product of mistake or inadvertence, and that when the fact so proved is wholly irreconcilable with the presumption sought to be invoked, the latter is dispelled and disappears from the case'. . . . It is argued by defendants that since the statute itself (sec. 1963, Code Civ. Proc.), before enumerating the disputable presumptions, declares that said presumptions 'are satisfactory, if uncontradicted', and that they 'may be controverted by other evidence', it must follow that if they are contradicted or controverted they fade out and disappear from the case. As has been seen they do disappear when contradicted or controverted by the evidence of the party relying upon them, with the qualification stated in the Mar Shee case, but it is not correct to say that under the code section and the effect given to it by the court they vanish from the case as a matter of law when contradicted or controverted by the party against whom they are invoked. . . . When the pre-

sumption is invoked by a party and his evidence is not inconsistent therewith, it is in the case, provided, of course, the evidence sufficiently establishes a sphere or field within which the presumption can operate." The court pointed out certain inherent weaknesses in the testimony of Ireland and concluded: "To invoke a rule which would deprive a party of the right to have a jury pass upon the weight of evidence of this character would be contrary to an unbroken line of decisions of this court, and its effect would be in many instances to deprive a party to an action of the right, guaranteed to him by the law of this state, to a trial by jury. We are, therefore, of the opinion that the testimony of Ireland, as against the presumption that the deceased took ordinary care of his own concerns, was not sufficient as a matter of law to dispel said presumption, but, on the other hand, merely tended to create a conflict with said presumption, which it was the right of the appellants to have passed upon by the jury in its final deliberations, and not by the court on a motion for a directed verdict." In the case now before us, like the Smellie case, the injured party was killed. Plaintiff presented two eye-witnesses, but it cannot be successfully contended that their testimony was "wholly irreconcilable" with the presumption concerning which the jury was instructed. Indeed it is difficult to see how their testimony can be held to be in any way inconsistent with the presumption.

There is another reason why defendants were not prejudiced by the giving of the instruction in question. At the request of defendants the court gave the following instruction: "You have been given certain instructions with reference to the presumption that the deceased was in the exercise of ordinary care, and have been instructed that this applied to the deceased. There is exactly the same presumption in so far as the defendants are concerned; the presumption is that every man obeys the law, and the presumption in this case is that the defendant driver was traveling at the proper rate of speed and on the proper side of the highway at all times. This presumption is in itself a species of evidence, and it shall prevail and control your deliberations until and unless the same is overcome by satisfactory evidence." It thus appears that defendants induced the court to give to the jury an instruction in their own behalf which

they contend should not have been given on behalf of plaintiff, and this notwithstanding that defendant Downer, the driver of the truck involved in the accident, testified concerning the circumstances of the accident. We need not pass upon the propriety of giving this instruction on behalf of defendants. (See *Paulsen* v. *McDuffie*, 4 Cal. (2d) 111 [47 Pac. (2d) 709].) In view of the giving of the instructions by which the presumption was made applicable to both the deceased and the truck driver, it cannot be successfully argued that defendants were prejudiced by the giving of the instruction making the presumption applicable to the conduct of the deceased. Clearly there has been no miscarriage of justice.

The judgment is affirmed.

Gould, J., *pro tem.*, and Crail, P. J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 22, 1936.