[Civ. No. 1862.   Fourth Appellate District.—June 25, 1938.]

ALBERT HAASE, a Minor, etc., et al., Respondents, v. CENTRAL UNION HIGH SCHOOL DISTRICT et al., Appellants.

Dan F. Conway, District Attorney, and Dearing & Jertberg for Appellants.

Ray W. Hays for Respondents.

MARKS, J.—The quoted paragraphs of this opinion were written by the late Mr. Justice Jennings and are adopted by us.

"The plaintiffs instituted this action to recover damages for personal injuries sustained by the minor plaintiff as a result of an alleged collision which occurred between a motor truck and a school bus, owned by the defendant school district, in which said minor was riding as a passenger, and for loss sustained by Edna M. Van Ness, mother of the minor, in treating his injuries. At the time the injuries were sustained the school bus was being driven by the defendant DeVelbiss, an employee of the school district. It was alleged in plaintiff's complaint that the proximate cause of the injuries for which compensation was demanded was the negligence of the defendant DeVelbiss in operating the bus and liability therefor was sought to be imposed on the school district under the doctrine of *respondeat superior*. Trial of the action was had before a jury. At the conclusion of plaintiffs' case the de-

fendants moved for a nonsuit. This motion was denied. After all evidence in the case had been submitted and both sides had rested, the defendants moved the court for a directed verdict in their favor. This motion was likewise denied. The case was then given to the jury, which returned a verdict in favor of the plaintiffs. The defendants thereupon moved the court to enter judgment in their favor notwithstanding the verdict. Upon the denial of this motion the defendants moved for a new trial, which was denied. Judgment in conformity with the verdict was entered. From this judgment and from the court's order denying the motion for entry of a judgment in their favor notwithstanding the verdict the defendants present this appeal.

"The trial wherein the judgment from which this appeal has been taken is a second trial of the same action. Upon the first trial, which was likewise had before a jury, a judgment was rendered in favor of the plaintiffs against the same and other defendants. An appeal was thereupon taken from said judgment by the defendants now appealing to this court. The judgment was reversed as to them on the ground that the jury's finding that the defendant DeVelbiss was guilty of negligence was not supported by the evidence. (*Haase* v. *Central Union H. S. Dist.*, 15 Cal. App. (2d) 102 [59 Pac. (2d) 193].) (The other defendants did not appeal and the judgment as to them became final.)

"The chief contention here advanced by appellants for reversal of the judgment and order is that the decision of this court on the former appeal established the law of the case. In answer to this the respondents maintain that the doctrine of the law of the case is applicable only to questions of law, that it is not the function of an appellate court to pass upon questions of fact, and that a decision of such a court as to a question of fact does not become the law of the case.

"Various reasons have been assigned by the courts for the existence of the doctrine of the 'law of the case'. (*Estate of Baird*, 193 Cal. 225, 233 [223 Pac. 974] ; 2 Cal. Jur., p. 949.) No useful purpose would here be served by their restatement. It is sufficient for the purpose of this opinion to recognize that the doctrine is established as a legal principle and that, despite the modern tendency of reviewing courts to raise exceptions thereto, particularly in cases where strict adherence to the principle would produce manifestly unjust results, the

doctrine has nevertheless not been abandoned but persists as a general rule of practice and procedure. (*United Dredging Co.* v. *Industrial Acc. Com.*, 208 Cal. 705, 712 [284 Pac. 922].) There is, however, a settled limitation upon the doctrine which must be taken into account. This qualification is that when an adjudication is made upon a certain state of facts there must be substantial identity of facts on a subsequent appeal in order that the doctrine shall be applicable. (*Hoffman* v. *Southern Pacific Co.*, 215 Cal. 454, 457 [11 Pac. (2d) 387]; *Sheets* v. *Southern Pacific Co.*, 1 Cal. (2d) 408, 411 [35 Pac. (2d) 121].) . . .

██ ''The problem here presented, therefore, is to discover whether or not there is such substantial difference between the facts disclosed by the record on this appeal and those upon which the former decision of this court was based as to render inapplicable the heretofore mentioned doctrine. We deem it unnecessary to include herein a restatement of the facts which appeared in the former opinion since ready reference thereto is available and no question is raised as to the correctness of such statement. Respondents specify certain points of difference which they maintain exist in the factual background of the two trials and contend that thereby substantial factual dissimilarity is presented to render inapplicable to this appeal the aforesaid doctrine. It will, therefore, here suffice to consider these claimed points of factual dissimilarity for the purpose of determining whether or not the contention of respondents is correct.''

A careful study of the evidence on the two appeals shows little material difference except in one particular, which consists of a blackboard diagram drawn by counsel during the second trial and upon which DeVelbiss charted the wheel tracks of his bus when crossing the bridge and after the front end had left it. This diagram is not reproduced in the record.

During the first trial a map was used upon which the witnesses charted the courses of the truck and the bus. It showed the truck approaching the bridge from the west and traveling in a southeasterly direction so that it left the bridge near the east end of the south rail. The course of the bus was shown approaching from the east and crossing the bridge on a straight line which bore slightly to the north, or the driver's right, and leaving the west end of the bridge near the north rail. The straight line indicating the course of the bus

was extended slightly beyond the west edge of the bridge floor indicating that the bus continued its course without change of direction when it left the bridge.

A study of the record in the first appeal left the cause of the accident a mystery. We there concluded that there was a failure in the evidence to disclose any act of negligence on the part of DeVelbiss that was a proximate or a concurring cause of the accident. A further study of the first record again confirms us in that conclusion.

For the first time we find a probable reasonable explanation of the cause of the accident in the record now before us. The bridge was narrow and there could not have been more than between twenty and thirty-six inches between the vehicles while they were passing on the bridge, if proceeding on straight courses. The bus was approximately twenty-four feet long. Pictures of it in both records indicate that it had an overhang, including a bumper, of between six and nine feet to the rear of the rear axle. If the bus made a sharp change in its direction the overhanging rear would have swung out in the opposite direction, the wheels and axle acting as an axis.

DeVelbiss was asked the question, ''After you left the bridge you made a rather sharp turn to your right?'' to which he answered ''I turned, yes.''

We find in the record the following description of the drawing used at the trial:

''Mr. Jertberg (interrupting): Just a minute. I think for the purpose of the record that we ought to agree and if you can state it, I'll check you on what has been shown on the board by the witness. I don't know of any other way than that to get it in the record.

''Mr. Hays: Well, I think that this is what is shown, that he has drawn a single line—I will ask one further question— Both of those tracks that you saw were parallel with the rails on the bridge? A. Across the bridge, yes, sir. Q. As they crossed the bridge they were both parallel with the bridge? A. Yes, sir. Q. And there is no doubt in your mind about that? A. No, sir. Q. That he has drawn a single line which he estimates to be about a foot south of the north rail of the bridge, representing, I suppose that is the outside dual of your tracks? A. It had to be. Q. On the south side he has drawn a parallel line, estimated to be two or two and a half

feet from the south rail of the bridge, that line being parallel with the rail, except as it enters the west end of the bridge—that—or what represents the west end of the bridge, which comes on at an angle and turns towards the north, and as his bus left the bridge, it shows that he had turned towards the north.

"Mr. Jertberg: Towards the north. That is, turned his—begins approximately where the wing on the west end of the north railing commences, is that true?

"Mr. Hays: That is the way he has drawn it, yes.

"The Court: All right."

If this turn of the bus to the driver's right, to the north, was made sharply it would have swung the overhanging rear portion to the south and out over the center line of the road, on to the half of the road on which the truck was traveling. There is positive evidence in the record that the truck was at all times on its own half of the road.

Section 122 of the California Vehicle Act, in effect at the time of the accident, provided that "the driver of a vehicle shall drive the same upon the right half of the highway" subject to certain exceptions not important here. Therefore, if DeVelbiss drove the bus in such a manner that part of it was on his left side of the highway at the time of the accident he was guilty of negligence *per se.* It follows that if the implied finding of the jury, that negligence on the part of DeVelbiss was a proximate or concurring cause of the accident, is supported by the evidence, the contention of defendants that the evidence does not support the verdict cannot be sustained. And, further, if such implied finding be sustained it would follow that there are sufficient material differences in the evidence, submitted at the two trials, to prohibit our former holding from establishing the law of the case for the second trial.

Our study of the two records leads us to the conclusion that the question of whether or not the law of the case had been established by the first decision depends on what was shown on the blackboard drawing. That drawing is not in the present record. If that drawing showed that DeVelbiss made a sufficiently sharp turn to his right on leaving the bridge to throw the overhanging rear of the bus on to his left-hand side of the road and into the path of the truck then the reasonable cause of the collision would have been established for

the first time and the doctrine of the law of the case could not be invoked. If the turn was slight and its curve gentle then there is no material difference in the evidence at the two trials and our former holding that DeVelbiss was not negligent would be controlling here.

In speaking of a diagram or drawing used to illustrate the testimony of a witness the Supreme Court, in *People* v. *Cochran*, 61 Cal. 548, said:

"A diagram is not a public nor private writing, nor is it made by law primary, or secondary, or *prima facie* evidence of any fact or object represented by it. When used on the trial of a case, it is not used as evidence—it does not prove nor tend to prove, in the sense of evidence, any fact; it is simply a figure drawn to suggest to the minds of the jurors the relations between the objects about which a witness is testifying, and may be drawn on paper or on a stationary blackboard, which cannot be removed. The very construction of the figure itself is defined by the testimony of the witness, and as illustratory of his testimony it partakes of it, in the same way that the clearness of the expression of the witness partakes of his evidence; as such it was receptible by the jury, and was, in fact, taken with them upon their retirement, as much as any other part of the evidence."

In *People* v. *Crandall*, 125 Cal. 129 [57 Pac. 785], it was held that the value of a diagram must be determined by the jury from all of the evidence.

It is, therefore, clear that the blackboard diagram in this case, while not, strictly speaking, introduced in the evidence, was used to illustrate the testimony of witnesses and was therefore as much a part of their testimony as the words they uttered when referring to it. Appellants should have had such diagrams photographed and thus reproduced in the record on appeal. (*Montanez* v. *Beard*, 108 Cal. App. 585 [291 Pac. 896].) A record without such reproduction is defective and incomplete and does not contain all of the evidence which the jury had before it to consider.

It is the duty of an appellant to produce a complete record. Any omitted portion must be construed on appeal as supporting the verdict, or findings and judgment. This rule includes missing drawings or diagrams. As was said in *Jackson* v. *Southern Pac. Co.*, 11 Cal. App. 101 [103 Pac. 1098]:

"There was a diagram of the well introduced in evidence which is not before us, and which, it is true, was a part of defendant's case, but which, if brought up, would be proper for us to consider in determining whether or not any lack of evidence in plaintiff's case had been cured by the evidence given by defendant. Evidence of location of an object dependent upon testimony which locates it by means of a diagram which is not brought up in the record must be assumed to have been most favorable to the view that supports the finding or verdict."

See, also, *Dilger* v. *Whittier,* 33 Cal. App. 15 [164 Pac. 49]; *Godeau* v. *Levy,* 72 Cal. App. 13 [236 Pac. 354]; *Truitner* v. *Knight,* 83 Cal. App. 655 [257 Pac. 447]; *Packer* v. *Wagner,* 109 Cal. App. 26 [292 Pac. 523]; *Merrill* v. *Finigan,* 133 Cal. App. 101 [24 Pac. (2d) 188]; *Wilmon* v. *Aros,* 191 Cal. 30 [214 Pac. 962].

We must, therefore, conclude that the missing diagram supported the verdict and judgment; in other words, that it showed that on leaving the bridge DeVelbiss turned his bus so sharply to his right that its overhanging rear protruded over on to the southerly half of the roadway and into the path of the truck. This is sufficient evidence of negligence on his part to support the verdict and judgment. As the evidence on the second trial differed from that on the first in this important particular, showing the negligence of DeVelbiss, there was a material difference in the evidence introduced in the two trials and our former decision did not establish the law of the case for the second trial and on this appeal.

■ Defendants complain of the following instruction given to the jury:

"You are instructed that the gist of this action is negligence, and that the plaintiffs before they are entitled to recover must establish negligence as alleged in the complaint, and that such negligence was the proximate cause of said collision and injury, if any, plaintiffs received thereby."

They urge that the question of a collision occurring was one of the controverted questions in the case and that the instruction assumed the fact of such a collision. We do not so construe it. The words, "if any", modify the phrase preceding them and leave the questions of both the collision and the injury to the jury.

Lastly, defendants urge that the trial court erred in denying their motion for judgment notwithstanding the verdict and their motion for new trial because both were made on the grounds of lack of proof of negligence on their part. What we have already said on the question of proof of negligence of DeVelbiss sufficiently answers these contentions.

The judgment and order appealed from are affirmed.

Barnard, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 21, 1938, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1938.