[Civ. No. 5961. Third Appellate District.—November 17, 1938.]

JACK SUMMERS, a Minor, etc., Respondent, v. GABRIEL DOMINGUEZ, Appellant.

Griffin & Boone for Appellant.

Ingemar E. Hoberg and Cornell & Brack for Respondent.

PULLEN, P. J.—Plaintiff, while walking in a general northerly direction along the main highway from Patterson toward Westley and on the easterly or right of the pavement, was struck and very severely injured by a truck owned and driven by defendant who was also traveling in a northerly direction along the same highway.

The amended complaint alleges two causes of action. The first cause sets out that plaintiff was a minor; that while plaintiff was walking along the state highway between Patterson and Westley, defendant so negligently operated his truck as to strike plaintiff, causing injury. The second cause of action incorporated all of the allegations of the first cause of action and then alleged defendant, with knowledge that his truck had struck plaintiff, failed to render any assistance and, with the intent to prevent discovery that defendant had struck plaintiff, left plaintiff upon the highway; that the weather was cold and as a proximate result of the wrongful and negligent acts of defendant plaintiff remained on the highway all night and suffered from exposure and shock and was further damaged thereby in an additional sum.

By various motions defendant attempted to strike out this second cause of action, which motions were denied.

The evidence discloses that plaintiff, a boy of 17, earned his own living by working on various ranches in and about Patterson and Newman. On the evening of December 25, 1936, plaintiff started to walk from Patterson toward Westley. He recalls leaving Patterson, walking upon the dirt shoulder off the concrete, but can recall nothing that happened thereafter, nor the fact that he was struck.

About 7 o'clock the next morning plaintiff was found by a passer-by lying in a ditch by the side of the road, about 2½ miles from Patterson. Investigation disclosed tire marks (subsequently matched to those of defendant's truck) about three feet off the oiled shoulder of the roadway, and a mark where the plaintiff's foot dragged along the shoulder for some 60 feet to where the body was found. These drag marks were parallel to the tire marks and were some two feet off the oiled shoulder and in the dirt at the side of the highway. Some 300 feet further north from where the body was found the tire marks turned across the highway into and across a ditch, tearing out a section of fence and into a bank, cutting into the earth. About a mile further on the car left the highway and was there abandoned.

Defendant testified he was a sheepman and had been to Patterson that day on business. He testified he had had a drink of whisky during the day and three drinks of wine with his dinner. As he was proceeding from Patterson along the highway about 8 o'clock in the evening in his Chevrolet

truck he suddenly saw plaintiff before him, walking upon his right-hand side of the highway. Plaintiff's back was toward him and he was walking on the line between the concrete and the oiled shoulder. Defendant said he was driving with his right wheels about 7 or 8 inches off the concrete. After striking plaintiff, defendant testified he proceeded about 60 or 70 feet and stopped, knowing he had struck plaintiff. He called a few times and getting no response drove away.

A jury found in favor of plaintiff and awarded him $18,500 for the injuries sustained. The appeal from this judgment is predicated upon the ground that plaintiff was guilty of contributory negligence as a matter of law; the inclusion of the second cause of action in plaintiff's complaint and its subsequent dismissal; and the giving and refusing to give certain instructions.

It is undisputed that plaintiff was walking along his right-hand side of the highway. At the time of the accident section 564 of the Vehicle Code provided:

"No pedestrian shall walk upon any roadway outside of a business or residence district otherwise than close to his left hand edge of the roadway."

A roadway is defined by section 83 of the Vehicle Code as that portion of a highway improved, designed or ordinarily used for vehicular travel. The highway is the place or way over which the roadway passes.

Under the facts here found it cannot be held as a matter of law that plaintiff was guilty of contributory negligence. From the evidence the jury could have believed, as they evidently did, that plaintiff was walking, not on the roadway but off the roadway, and some two or three feet on the dirt shoulder. The provision of the Vehicle Code prohibits walking on the roadway, but it cannot be held as a matter of law that the shoulder is an integral part of the roadway. A highway engineer of the state highway department testified that the irregular deposit of oil and gravel abutting the concrete slab was neither designed for nor ordinarily used for the purpose of vehicular travel, but was there for the purpose primarily of stabilizing the dirt and gravel and to prevent water and seepage from undermining the concrete. Although automobiles could lawfully travel upon this shoulder, as they could in the drainage ditch bordering the

roadway, still it was "not improved, designed, or ordinarily used for vehicular travel", as required by section 83 of the Vehicle Code. The statute only requires that a pedestrian walk upon the left-hand side of the roadway, and does not attempt to prescribe upon which side of the highway he may walk.

Assuming, however, that plaintiff may have been violating the section by walking on the right-hand shoulder of the roadway, which would constitute negligence *per se,* nevertheless it cannot be said as a matter of law such a violation of the statute proximately contributed to the injury of plaintiff. "In order that the negligence of a plaintiff may release a defendant from liability, such negligence must contribute proximately to the injury complained of; it must concur and cooperate with the negligence of the defendant up to the very time of the injury." (19 Cal. Jur., p. 649.) Ordinarily such a question is for the jury to determine. (*Smith* v. *Occidental etc. Steamship Co.,* 99 Cal. 462 [34 Pac. 84].)

In *Scalf* v. *Eicher,* 11 Cal. App. (2d) 44, 52 [53 Pac. (2d) 368], it was said that plaintiff was entitled to rely upon the presumption that the decedent had taken ordinary care of his own affairs. Defendant sought to overcome this presumption by evidence that decedent had violated the California Vehicle Act by walking up the wrong side of the highway, but the court held the mere violation of that act by plaintiff would not be sufficient to controvert and overcome the presumption, and there must be evidence that the act proximately contributed to the accident.

Here appellant was admittedly driving off the ordinarily used portion of the highway. Whether plaintiff's violation of the law was the proximate cause of his injury was therefore a question of fact for the jury.

Also the objection urged by appellant as to the second cause of action cannot be upheld. This particular cause of action was for the wilful breach of a statutory duty to render aid. As pointed out in American Law Institute, Restatement of the Law, second volume in Torts, page 870, section 322, comment d:

"The liability which this Section recognizes is not imposed as a penalty for the actor's original misconduct, but for a breach of a separate duty to aid and protect the other

after his helpless condition caused by the actor's misconduct is or should be known."

The comment further states that it is immaterial whether or not the accident was caused by the contributory negligence of the injured person, which would preclude a recovery for the original injury for any further harm suffered by the injured person due to exposure or neglect would be due to the tortious act of defendant, arising out of the violation of section 482 of the Vehicle Code. The wrongs of defendant were separate and distinct, one being a violation of a common-law duty, the other statutory, each independent of the other.

If plaintiff, after defendant had testified under section 2055 of the Code of Civil Procedure, admitting his negligence and exonerating plaintiff from contributory negligence, felt the need no longer existed to depend upon the second cause of action as an alternate remedy he was justified in asking for a dismissal of that cause.

Also plaintiff may state his cause of action, if he has only one, in as many ways as he believes the evidence will support. (*Potvin* v. *Pacific Greyhound Lines,* 130 Cal. App. 510 [20 Pac. (2d) 129]; *Stockton etc. Works* v. *Glens Falls Ins. Co.,* 121 Cal. 167 [53 Pac. 565].) Where there are two causes of action, it is necessary that they be separately stated. (*Tanforan* v. *Tanforan,* 173 Cal. 270 [159 Pac. 709]; *Bartlett* v. *Federal Outfitting Co.,* 133 Cal. App. 747 [24 Pac. (2d) 877].)

Furthermore, no prejudicial error could be shown even if the ruling were erroneous.

We have examined the instructions given and refused by the court and particularly those complained of by defendant, but can find nothing that would justify a reversal. It is not necessary nor would it serve any useful purpose to discuss them at length.

A reading of the record is fully convincing that plaintiff was seriously injured, which injuries are permanent, and that defendant was entirely responsible therefor.

The judgment is affirmed.

Thompson, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 16, 1939.