[Civ. No. 15471. First Dist., Div. Two. July 13, 1953.]

ROSE GIOLDI, Respondent, v. MARIO LOUIS SARTORIO et al., Appellants.

Dana, Bledsoe & Smith and Fred K. Howell, Jr., for Appellants.

Hoberg & Finger and John E. Castagnetto for Respondent.

DOOLING, J.—Defendants appeal from a judgment for plaintiff following a jury verdict. Plaintiff, who was walking on her right side of Market Street in Daly City, was struck from behind by an automobile driven by one of the defendants. In the block where this casualty occurred there are no sidewalks, and a rather steep bank borders the side of the highway on which plaintiff was walking. It is conceded that the area is neither a business nor residence district.

The crucial point in the case bearing upon the defense of contributory negligence was whether plaintiff was violating section 564, Vehicle Code, when she was struck. Section 564 reads: ''No pedestrian shall walk upon any roadway outside of a business or residence district otherwise than close to his left hand edge of the roadway.'' The roadway by definition of section 83, Vehicle Code, ''is that portion of a highway improved, designed or ordinarily used for vehicular traffic.''

There was evidence from which the jury could reasonably conclude (some of it educed from the defendant driver) that the highway was wider than the roadway, the roadway consisting of a well paved center strip and the balance of the highway consisting of shoulders on either side covered with a thinner layer of paving material. It is conceded by appellants that a pedestrian may walk on either side of a highway outside the limits of the roadway as defined in the Vehicle Code without violating section 564 thereof. (*Lesser* v. *McCullough,* 90 Cal.App.2d 586, 590 [203 P.2d 832]; *Summers* v. *Dominguez,* 29 Cal.App.2d 308, 311-312 [84 P.2d 237].) However in their closing brief appellants argued for the first time that whether a portion of the highway is outside the roadway is a question of fact and that the instructions given on the subject by the trial court must have misled the jury into the belief that at the scene of the accident there was a portion of the highway which they must find was outside the roadway. The argument is captious, which probably accounts for the fact that it did not occur to counsel when they were preparing their opening brief. ▮ The trial court read section 564, Vehicle Code, to the jury, gave definitions of highway and roadway patterned on the terms of that code and further instructed the jury: ''The Statute just read to you requires that a pedestrian walk on the left-hand side of the roadway, but does not attempt to prescribe on which side of the highway he may walk.''

This is a correct statement of the rule of law taken almost verbatim from *Summers* v. *Dominguez, supra,* 29 Cal.

App.2d page 312, and cannot be construed as indicating any opinion on the facts. ██ If appellants desired a more specific or elaborate instruction on the subject it was incumbent upon them to request it. (*Ornales* v. *Wigger,* 35 Cal.2d 474, 479 [218 P.2d 531]; *Townsend* v. *Butterfield,* 168 Cal. 564, 569 [143 P. 760]; *Ohran* v. *County of Yolo,* 40 Cal.App. 2d 298, 307 [104 P.2d 700]; *Smith* v. *Pacific Greyhound Corp.,* 139 Cal.App. 696, 705 [35 P.2d 169].)

The point chiefly relied upon by appellants is their claim that the court erred in giving an instruction on the presumption of plaintiff's exercise of due care. Plaintiff testified that she had no recollection of anything which occurred between the night before her injuries and sometime after the accident when she found herself in the hospital. ██ It is settled that: "One who by reason of loss of memory is unable to testify concerning his conduct at and immediately before the time of the accident is entitled to invoke" the presumption to the same extent and subject to the same conditions as apply where the conduct of a decedent is in question. (*Scott* v. *Burke,* 39 Cal.2d 388, 394 [247 P.2d 313].) ██ The court carefully qualified the instruction on the presumption of care by instructing the jury that the presumption would only arise "if . . . you find . . . that as a result of the accident plaintiff was deprived of her memory of events leading up to such accident." Under the circumstances of this case this instruction was properly given.

The only eyewitness to the conduct of plaintiff immediately preceding the accident was the defendant driver. ██ All the cases agree that his testimony given under section 2055, Code of Civil Procedure, does not affect the operation of the presumption. (*Smellie* v. *Southern Pac. Co.,* 212 Cal. 540, 559 [299 P. 529].) Plaintiff called one witness, Williams, who testified that he was about 100 feet away when he heard the impact. He saw the headlights of the automobile but did not see the automobile strike plaintiff and he did not see plaintiff at any time before the impact. Plaintiff also called three police officers who arrived after the accident and could not testify to any observation of plaintiff's precedent conduct. One of these officers on cross-examination testified to an oral statement made to him by plaintiff two days later in the hospital: "She stated . . . she was walking west on Market Street, on the north side, as she has been for years, as close to the edge of the road as possible, and did not see or hear

a car approaching, when all of a sudden she was struck and thrown to the pavement. That is all she remembers.''

At the time this statement was made the officer testified: ''I could not talk to her for a couple of days. And then, when I did talk to her, she gave me a kind of a hazy statement. She was not in her true senses, I guess, yet.''

Appellants take the position ''that plaintiff was not entitled to the weight of the presumption of due care because the testimony of the police officers, Mr. Williams and the plaintiff's admissions as to how the accident happened gave a full explanation of the circumstances of the accident.''

Appellants rely heavily on *Speck* v. *Sarver*, 20 Cal.2d 585 [128 P.2d 16]. That was neither a death nor loss of memory case and plaintiff testified fully as to his conduct. Under those circumstances the court held that it was error, but not prejudicial, to give an instruction on the presumption. ■ The court there laid down the test (pp. 587-588): ''Such an instruction, however, should not be given where the evidence introduced by the plaintiff discloses *the acts and conduct of the injured party* immediately prior to or at the time in question.'' (Emphasis ours.) By this test neither the testimony of Williams nor of the police officers (disregarding for the moment the testimony of plaintiff's alleged admission) disclosed anything about the *acts* or *conduct of plaintiff* immediately prior to or at the time in question. Assuming, without deciding, that the admission if given full weight by the jury would meet this test it was to be weighed by the jury in the light of the witness' testimony that it was ''a kind of a hazy statement. She was not in her true senses, I guess, yet''; and also against the plaintiff's own testimony of her complete loss of memory of all events preceding and surrounding the accident. The jury was expressly instructed: ''As a preliminary to the application of such presumption, you must decide whether or not the plaintiff was deprived of such memory of events leading up to the accident . . . if she was not so deprived of such memory, the said presumption does not apply.'' In view of this instruction the nature of appellants' dilemma is obvious. If the jury credited the admission they must to do so find that plaintiff was not deprived of memory of the events leading up to the accident. If they so found they were expressly instructed not to consider the presumption. If the jury did not credit the admission then there was no evidence produced by the plaintiff which it could be claimed with any show of reason disclosed the acts and conduct of

the injured party immediately prior to or at the time in question. If that was the case then under the test of *Speck* v. *Sarver, supra,* plaintiff was entitled to the benefit of the presumption.

In the above discussion we have adopted the test laid down in *Speck* v. *Sarver, supra,* although in the case of loss of memory in *Scott* v. *Burke, supra,* 39 Cal.2d at page 394, the Supreme Court makes the test that the evidence produced by the plaintiff "is wholly irreconcilable with the presumption."

Appellants also complain of the form of the instruction which advised the jury that it should weigh the presumption against any conflicting evidence. The court said in *Scott* v. *Burke, supra,* 39 Cal.2d at page 398: "When (a presumption is) controverted by other evidence, whether direct or indirect, an issue of fact is raised which it is the duty of the court to determine as in other cases. . . ." This can only mean that in determining the issue of fact the presumption must be weighed against the conflicting evidence.

Judgment affirmed.

McComb, J.,* concurred.

NOURSE, P. J.—I dissent. Plaintiff was walking on her right (the wrong) edge of a public street which had no sidewalk set aside for pedestrians. The center portion of the street was paved (with what it does not appear); the two shoulders were covered with a thinner layer of paving material. It was on the right-hand shoulder that plaintiff was walking on a dark rainy morning with no street lights to show her position.

The instruction that the statute relates only to the "roadway" and does not prescribe on which side of a "highway" a pedestrian should walk is facetious. The statute is designed for the protection of the public—the motorist as well as the pedestrian. Here the motorist had every right to assume that no one would be walking on the right shoulder when a perfect place of safety was provided on the left shoulder.

A petition for a rehearing was denied August 12, 1953, and appellants' petition for a hearing by the Supreme Court was denied September 10, 1953. Traynor, J., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.