[Civ. No. 15529.   Second Dist., Div. One.   July 2, 1947.]

BETTY CATHERINE HOUSER, a Minor etc., et al., Appellants, v. D. MYRTLE BOZWELL et al., Respondents.

Henry T. Moore, E. Briggs Howorth and Walter R. Trinkaus for Appellants.

Parker, Stanbury & Reese and White McGee, Jr., for Respondents.

YORK, P. J.—This is an appeal from a judgment rendered in favor of defendant pursuant to a verdict of the jury in an action to recover damages on account of alleged injuries sustained by the minor plaintiff when she was struck by the automobile of defendant.

It is here contended: ''(A) That respondent's attorney committed a reversible error when, in his argument to the jury he made statements concerning an unidentified person who may have been a witness to the accident which were wrongful, wholly unjustified and unsupported by the evidence and amounted to a charge that appellants were guilty of withholding and suppressing evidence, and (B) that the trial court gave erroneous instructions to the jury.''

This action arises out of a collision between a pedestrian and an automobile which occurred about 12:30 p. m. on January 27, 1945, on Van Owen Street between Lankershim Boulevard and Simpson Street in the city of Los Angeles. Van Owen Street, a two-lane highway, runs east and west, with no sidewalks on either side. At the time of the accident, the minor appellant was walking along the north shoulder of Van Owen Street in an easterly direction, and respondent was driving her automobile in a westerly direction along said street. As the automobile passed the pedestrian, she was struck by the automobile and sustained serious injuries.

The facts as to the manner in which the accident occurred are in direct conflict. Appellants' witnesses testified to the effect that respondent drove her automobile over onto the soft shoulder where the minor pedestrian was walking, and col-

lided with her. Respondent testified that no part of her automobile was on the dirt shoulder after she crossed Lankershim Boulevard or at any time before the accident occurred; that she saw appellant Betty Houser and her girl companion walking abreast of each other on the shoulder about a foot and a half or two feet from the edge of the pavement; that as she approached the two girls "the one on the inside stepped forward a couple of steps and the one next to the pavement whirled around on the boulevard and looked down in the opposite direction in which I was going, in front of my car. . . . I swerved the car to miss her, and after I swerved I heard a noise, a thump . . . so then I stopped my car and got out and went back"; that when the girl made the movement described by the witness, her car "was about as far as from this to that" from her (indicating a space to the jury that was agreed to be about 5 feet in distance); that the girl got out onto the paved portion of the highway "a step or two. She just threw herself right in line with my car and I was driving in the center of the lane"; that said witness succeeded in swerving her car to the left far enough so that she thought she "had missed the girl"; that she did not actually see the impact.

Donald Cussmenn, an attendant at the service station at Lankershim and Van Owen Street, testified he was standing by the gas pumps washing his hands, a distance of 300 feet from the place where the impact occurred; and that when he first noticed the girls "they were on the north side of the road," on the shoulder, and were walking close together; that at that time they were a little bit west of the point where the accident occurred and he saw them "a little bit" before he saw the car stop at the stop sign; that when the car stopped at the stop sign on Lankershim Boulevard, it was entirely upon the pavement; that from the time the car started from the place where it made the boulevard stop, it was gradually veering over to the right until it got off the pavement at the point indicated at C-4, and then it was about a foot off the pavement; that at the time of the impact the girl, who was injured, was about two or two and a half feet off the pavement; that at W-1 (the point of impact), there was enough of the car on the dirt shoulder to hit the girl; that he did not know how fast the car was going at the time of the impact; that he could not estimate the speed in miles per hour; that after the impact the car continued on the dirt, but that he did not notice when it got back on the pavement again.

In the state of the record, it became a question of fact for the determination of the jury as to whether respondent driver of the automobile was guilty of negligence proximately causing the collision, or whether appellants were contributively negligent.

It is here contended that because of the alleged prejudicial statements made by respondent's attorney in his argument to the jury, appellants were deprived of a fair and impartial trial, in that the jury was influenced by such statements and did not decide the case upon its real merits.

The arguments of counsel to the jury are not contained in the reporter's transcript. However, the affidavit made by appellants' counsel in support of their motion for a new trial, which was based in part on the alleged misconduct of respondent's attorney and which motion was denied, avers as follows:

"That in his argument to the jury Attorney McGee stated as follows:

" 'Where is Lucille Hodges? Why has the plaintiff not produced her as a witness? You will recall that she is the cousin of the plaintiff, Betty Houser, and that she was walking with her at the time the accident occurred. She was in a better position than anyone to know what happened, and it was incumbent upon the plaintiff to produce this witness, who was her own cousin.'

"That thereupon, Attorney Moore (counsel for appellants) objected on behalf of the plaintiffs to the aforesaid argument on the ground that it was entirely outside of the record, contrary to the evidence, inflammatory, and highly prejudicial, which objection was thereupon overruled by the Court, and that thereupon, Attorney McGee further stated to the jury as follows:

" 'Your Honor, Betty said Lucille was her cousin and the evidence certainly shows that someone was with her that day. All right, we won't use the name Lucille Hodges then. The young lady who was with Betty, why hasn't she been called or if she shouldn't be in the jurisdiction, why hasn't her deposition been placed before you because our law gives you the right to take the deposition of a party who isn't where he or she can attend the trial. Now, obviously, we wouldn't call that witness because she would of course be a prejudiced witness. I wouldn't dare call her to the stand or dare take

her deposition but they could. But here is the thing, after an accident people sometimes make statements as to how it happened. If I called the young lady who was with Betty and put her on the stand I couldn't impeach her by showing what she told the police afterwards but if they called her to the stand then I could show the statement she made to the police. Now why hasn't she been called in this case?'

"That Attorney Moore then made the following statement and objection:

" 'Your Honor, do I understand my objection goes to all this? There is nothing in the record showing any witness available.'

"That thereupon the following statement was made by the court:

" 'There is nothing to show anything at all about it except that there was somebody there and that is perfectly proper comment.'

"That thereupon, Attorney Moore then made the following objection:

" 'I object to it, Your Honor.'

"That thereupon the Court made the following statement:

" 'It is perfectly proper if there was somebody there to comment the way he has.' "

The victim of the accident, Betty Houser, testified that she remembered nothing about the accident, either immediately prior thereto or for some time after; that she did not remember anything that happened on the day of the accident, except that she "woke up in the Valley Hospital in Van Nuys." On cross-examination, said witness testified that she did not remember what girl was with her at the time of the accident. Whereupon she was asked: "You knew a young lady by the name of Lucille Hodges? A. Yes, I did. Q. How long had you known her? A. Well, she is my cousin; I have known her since I can remember."

Mrs. Gertrude Houser, the mother of Betty, testified as follows: "Q. When did you first hear about Betty being involved in the accident? A. Well, it was on a Saturday morning, and a lady drove Lucille to my place and said that Betty had been hit by a car and that was my first knowledge of it. Q. What lady drove up there? A. Well, they told me later it was the lady that was involved in the accident, Mrs. Bozwell. Q. And then did you return to the scene of the accident in that car? A. Yes, I did."

The record leaves no doubt that appellant Betty Houser

was walking along Van Owen Street with another girl at the time the accident occurred. While there is no direct evidence that said companion was appellant's cousin, Lucille Hodges, the aforesaid testimony of Mrs. Houser is sufficient to raise the inference that the Lucille, who accompanied respondent Bozwell when the latter transported Mrs. Houser from her home to the scene of the collision, was the cousin, Lucille Hodges.

As hereinbefore stated, appellants filed a motion for a new trial based in part upon the alleged misconduct of respondent's attorney, which motion was denied. As was aptly stated in circumstances similar to those here presented in *Shriver* v. *Silva,* 65 Cal.App.2d 753, 763 [151 P.2d 528] : "The trial court must be deemed to have concluded that no prejudice was suffered by defendants by reason of the conduct of plaintiffs' attorney, and as a trial judge is in a better position than an appellate court to determine whether the verdict was due in whole or in part to the alleged misconduct, its conclusion should not be disturbed unless plainly wrong. (*Lafargue* v. *United Railroads,* 183 Cal. 720, 724 [192 P. 538] ; *Spear* v. *Leuenberger,* 44 Cal.App.2d 236, 244-245 [112 P.2d 43] ; *Brown* v. *McCuan,* 56 Cal.App.2d 35, 41 [132 P.2d 838].)"

In *Brown* v. *McCuan, supra,* where counsel was charged with misconduct in improperly injecting insurance into the case, it was stated at page 41: "But, when the case comes to us after the trial judge has denied a new trial urged upon these grounds, and has thus found that the claimed misconduct is not prejudicial, the judgment must be affirmed unless there is no reasonable basis for such finding. We may not assume that the jury denied appellant any recovery because it believed he might get some compensation from another source."

Moreover, it appears to be well-established law that the "misconduct of an attorney is not a ground for reversal where the other party, even though objecting to the remarks, fails to request that the jury be charged to disregard them." 24 California Jurisprudence 746, section 29, and cases there cited.

Although no such request was made in the instant case, the trial court gave a general instruction to the jury as follows: "You shall not consider as evidence any statement of counsel made during the trial, unless such statement was made as an

admission or stipulation conceding the existence of a fact or facts.''

The trial court gave, among others, the following instructions to the jury:

(1) ''You are instructed that Sec. 564 of the Vehicle Code of California in force and effect at the time and place of this accident provided as follows: 'No pedestrian shall walk upon any roadway outside of a business or residence district otherwise than close to his left-hand edge of the roadway.'

''You are further instructed that a violation of this provision of this statute through a lack of ordinary care upon the part of plaintiff Betty Houser would constitute negligence.''

(2) ''You are instructed that the Vehicle Code of California in force and effect at the time and place of this accident defined a roadway as follows:

'' 'Roadway is that portion of a highway improved, designed or ordinarily used for vehicular travel.' (Sec. 83, Vehicle Code.)

''You are further instructed that the place where the accident occurred was outside of any business or residence district.''

During his argument to the jury, respondent's counsel made a statement which appears in the affidavit supporting appellants' motion for a new trial as follows:

''The Court will instruct you that it is unlawful for a pedestrian to walk upon a roadway except as near as possible to the left-hand edge thereof. I don't see how you can possibly find except for the defendant in view of that instruction and in view of the facts in this case. It is undisputed, even under the testimony produced by plaintiffs, that Betty was not complying with the law and that she was not walking near the left-hand edge of this roadway, but was walking, if not on the pavement, then within two or three feet of it. This is by law, contributory negligence, and even if you thought Mrs. Bozwell was negligent, you would have to find that Betty was negligent too and that she could not recover in this case.''

Appellants submit that the above statement was an erroneous statement of the law and an erroneous interpretation of the two code sections. In this connection appellants cite *Summers* v. *Dominguez,* 29 Cal.App.2d 308 [84 P.2d 237], as authority for the proposition that a shoulder adjoining a pavement is not a portion of the roadway; that the pavement or paved portion of the highway is the roadway within

the meaning of the statute, and that the shoulder is merely a part of the highway.

While it is true, as appellants contend, that there is no conflict in the evidence that Betty Houser was walking upon her left-hand side of the highway entirely off the pavement prior to the accident, there is evidence that immediately before the impact, she had whirled around, and had taken a step or two out onto the paved portion of the highway "right in line" with respondent's automobile. Consequently, it cannot be said that either the argument of counsel or the instructions complained of resulted in prejudice to appellants' cause.

For the reasons stated, the judgment is affirmed.

Doran, J., and White, J., concurred.