## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### EASTERN TRANSPORTATION COMPANY V. JOHNSON.

March 11, 1915.

Absent, Kelly, J.*

1. PLEADING—*Declaration—Allegation of Defendant's Negligence.*— A declaration which alleges that the defendant had knowledge of a specified danger to which the plaintiff was exposed, and that "notwithstanding this knowledge, the defendant negligently, carelessly, and in reckless disregard of the safety of the plaintiff ordered the plaintiff to proceed in and about the work for which he had been employed" assuring him of the safety of the place when, in fact, he knew it was not safe, sufficiently charges negligence on the part of the defendant.

2. MASTER AND SERVANT—*Safe Appliances—Modes of Doing Work— Comparison of Methods.*—The liability of the master for failure to make an appliance reasonably safe is to be determined by whether or not the mode adopted by the defendant was a compliance with its duty to use ordinary care to provide reasonably safe appliances, and not whether some other method might have been adopted for rendering it safe.

3. MASTER AND SERVANT—*Safe Appliances—Measure of Master's Duty.*—The true measure of the master's duty, as to appliances, is to use ordinary care to provide *reasonably* safe tools and appliances, and this ordinary care is measured by the general usages of the business. He is not required to provide absolutely safe appliances.

Error to a judgment of the Circuit Court of Norfolk county, in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

* Argued before Judge Kelly's term began.

The opinion states the case.

*John W. Oast, Jr.,* and *Robert Biggs,* for the plaintiff **in** error.

*Riddleberger & Roper,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

The Eastern Transportation Company was the owner of a certain steam tug which operated in and about the harbor of Norfolk.   The propeller of the tug, on June 7, 1913, became entangled in a hawser or some other foreign matter, which prevented it from revolving, and thereupon the transportation company employed John A. Johnson, a marine diver, to disentangle the propeller from the hawser or other obstruction.   He entered upon the discharge of the duty he had assumed and found it necessary to cut the hawser, and as soon as that was done the propeller suddenly revolved, striking the plaintiff and inflicting upon him injuries for which he sues.

His contention is that the transportation company owed him the duty to furnish him with a reasonably safe place in which to perform his duty; that it negligently failed to exercise such reasonable care as the law requires, and that, as a result of the negligence, he received the injuries for which he sued.

The case was submitted to a jury, which found a verdict against the defendant, and the case is before us upon a petition assigning numerous errors in the progress of the trial, which we are now called upon to review.

The first assignment of error is to the action of the court in overruling the defendant's demurrer to the declaration, upon the ground that it appears upon the face of the declaration that the injuries sustained by the plaintiff, if any, were due to the negligent act of a fellow servant.

In this view we cannot concur.   It is true that the plaintiff avers that before putting on his diving suit he requested those who were standing by on the tug, among whom were the master and the engineer, to make the engine secure so that he might proceed with safety to perform the work for which he had been engaged; that to repair or disentangle the propeller without having first had the engine secured or blocked would be a work of the greatest risk and danger, in that when the propeller had been freed from the obstructing matter it would revolve very suddenly, all of which was known to the defendant; that notwithstanding this knowledge the defendant negligently, carelessly and in reckless disregard of the safety of the plaintiff, ordered the plaintiff to proceed in and about the work for which he had been employed, assuring him that the engine had been blocked, when in point of fact, as the defendant well knew, it had not been blocked.

We think it is plain that the negligence charged is against the defendant.   When it comes to the proof upon this point, it may be that it will be made to appear that it was the negligent act of a fellow servant, and not of the company, that produced the injury, but upon the demurrer we are of opinion that the declaration is sufficient.

In the progress of the trial several exceptions were taken to the introduction of testimony, in none of which is there any merit, unless it be in permitting proof by the plaintiff of the various modes by which the condition of the engine could have been rendered safe, when the question to be investigated and determined by the jury was whether or not the mode adopted by the defendant was a compliance with its duty to use ordinary care to provide a reasonably safe place and reasonably safe appliances with which to perform the service contracted for.   It may be that this was error and it can be guarded against upon a

future trial, as the case must be reversed upon another ground.

The only instruction to the granting of which any exception was taken is one given at the instance of the plaintiff, which is as follows: "The court instructs the jury that it was the duty of the owners of said tug to use all ordinary care to provide and maintain its machinery and appliances in a safe condition for the plaintiff to work upon, and not to expose him to risks beyond those risks in contemplation at the time of the contract of service, and the plaintiff had the right to presume that these duties had been performed; and for injury to him resulting from a breach of its duty the defendant company is liable in damages. And if the jury believe from the evidence in this case that the breach of this duty of the defendant was the approximate cause of the injuries to John A. Johnson, the plaintiff, while in the employ of the said defendant company, then the said company is liable in damages for any injuries suffered by him." Citing *Va. Portland Cement Co.* v. *Luck*, 103 Va. 428, 49 S. E. 577, as authority for the instruction.

We observe, in the first place, that the instruction does not follow that given in the case cited, where the court instructed the jury that it was the duty of the defendant to use all reasonable care to provide and maintain suitable structures, instrumentalities, machinery and appliances; whereas the instruction before us required it to use ordinary care to provide and maintain its machinery and appliances in a safe condition.

This whole subject has recently been examined in *Southern Ry. Co.* v. *Childrey*, 113 Va. 376, 74 S. E. 221. In that case the court instructed the jury that it was the duty of the defendant to exercise ordinary care to provide for the plaintiff sound and safe brakes and appliances with which to operate; and this court, reviewing a great number

of authorities, held that this instruction required a higher duty of the railroad company than the law imposes, that the true measure of the master's duty is to use ordinary care to provide reasonably safe tools and appliances, and that the ordinary care required on his part is ascertained by the general usages of the business.

For the error in this instruction, and without passing upon the evidence in the case, which may be different at another trial, the case must be reversed and remanded to be further proceeded with in accordance with the views herein expressed.

*Reversed.*