[L. A. No. 4203. Department Two.—May 3, 1918.]

## JESSIE H. NEALE, Administratrix, etc., Respondent, v. ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), et al., Appellants.

NEGLIGENCE — ACTION FOR DEATH OF RAILWAY ENGINEER — DEFECTIVE TRACK—EVIDENCE—PRESUMPTION.—In an action against a railway company, its mechanical superintendent, and its roadmaster, to recover damages for the death of one of the company's engineers, who was killed by the derailment of an engine, which derailment was claimed to be due to a defective engine and to unsound condition of the railroad track, testimony of a witness that he had noticed engines, as they approached the place where the derailment took place, "wobbling," in a manner indicated by the witness by pantomime action, must be assumed by the supreme court to have indicated an undue movement evidencing a bad condition of the track, since all reasonable deductions from the evidence must be indulged in favor of a judgment.

ID.—SUFFICIENCY OF EVIDENCE.—In this action it is held that the evidence was sufficient to sustain a verdict for the plaintiff.

ID.—INSPECTION OF TRACK—QUESTION FOR JURY.—Although evidence of employees of the defendant in such case tended to show that shortly before the accident a general inspection of the track at the place where the accident occurred had been made, and that the switch point near the place of subsequent derailment had been very carefully examined, it was for the jury to determine from all the facts, including the interests of the witnesses as employees of the defendant, whether the inspection had been properly made.

ID.—EXCLUDED EVIDENCE—ERROR RENDERED HARMLESS BY SUBSEQUENT TESTIMONY.—After the roadmaster, as a witness for the defendants, had testified that certain ties, broken in two by the derailment, had been removed and burned, because they were unfit for further service, the court erred in refusing to allow him to be asked if that was the usual custom with ties rendered useless in that way, but the defendants were not injured, since the witness later, in speaking of the

section foreman who had burned them, said he, the witness, had no authority to tell him to burn ties inspected by other people, but it was the general custom, and he supposed the section foreman took it upon himself to burn them, knowing that it had been the custom.

ID.—INSTRUCTIONS—PRESUMPTIONS AS TO NEGLIGENCE.—Where in such case the court instructed the jury that "the mere happening of the derailment, or the death" of the plaintiff, "raised no presumption of negligence of the defendants," and that "the mere facts that the engine was derailed and said" plaintiff "was killed, taken alone, are not to be considered by you as proof of any negligence on the part of either or any of the defendants," there was no force in the contention by the appellants that they were prejudiced by the use of the word "proof" instead of "evidence" in the latter part of the instruction.

ID.—INSTRUCTIONS—DUTY AS TO FURNISHING A SAFE TRACK, TRACKAGE, AND TIES.—Where the court in such case had carefully defined ordinary care and negligence and had told the jury that plaintiff was bound to prove negligence in order to recover, a further instruction that it was the duty of the defendants "to have used ordinary care in furnishing a safe track, trackage, and ties over which the engine" was being operated, and that a failure to do so would be negligence, "and if such negligence, if any, contributed to the happening of the accident, as a proximate cause," the jury should find against both defendants, or either of them, if shown to have been negligent in that behalf, properly declared the law.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

E. W. Camp, U. T. Clotfelter, M. W. Reed, and Robert Brennan, for Appellants.

E. B. Drake, for Respondent.

MELVIN, J.—Defendants appeal from the judgment and from an order denying the motion for a new trial.

The action was one to recover damages for the death of James B. Neale, respondent's intestate, an engineer in the service of the defendant corporation. The accident which caused the death of Mr. Neale was the derailment of an engine of which he had charge. Mr. Bean and Mr. Purdy, respectively mechanical superintendent and roadmaster of the Railroad

Company, were joined as defendants, and a verdict was rendered against them as well as the corporation. On motion for a new trial the verdict against Bean was set aside. The other two defendants are appealing.

The theory of plaintiff, as set forth in her pleading, was that the Railroad Company and defendant Bean negligently furnished James B. Neale a defective engine, and that the corporation and defendant Purdy negligently permitted the track, at the place where the accident occurred, to become unsound and defective. The latter ground seems to be the one on which respondent relies for affirmance of the judgment.

Several attacks are made by appellants on the findings which, it is contended, are not, in many of their parts, supported by the evidence.

The testimony tends to show that the train was moving at the rate of twenty to twenty-five miles an hour. The engine left the rails near the point of a switch. Appellants insist that the record furnishes no evidence that the track was unsound or that they were charged with notice of its condition, if it was defective.

Upon the subject of the defective condition of the track one witness, Corwin, testified that he had noticed engines, as they approached the place where the derailment afterward occurred. He said: "I have noticed them in passing, the engine would be wobbling like this" (indicating). It is argued that such testimony is of no value, because any engine going at the rate of twenty or twenty-five miles an hour will show some movement from side to side, such as the witness characterized as "wobbling." Of course, we cannot have reproduced for us the pantomime accompanying the testimony. Therefore, we must assume that it indicated an undue movement evidencing a bad condition of the track, because all reasonable deductions from the evidence must be indulged in favor of the judgment.

Another witness, Smith, stated that where engine and track are in good condition, the engine will not be derailed from a speed of from twenty to twenty-five miles an hour. Other witnesses testified that some of the ties over which the wheels of the engine passed after leaving the rails were badly splintered and some were "broken in two." Counsel for appellants insist that this evidence is of no value to plaintiff's case, and lends no support to the theory that the track was in bad

condition, because a heavy engine running over redwood ties would naturally splinter them. "In fact," they say, "it is only sound wood that splinters; rotten wood crumbles." But the testimony tends to show that while some of the ties were splintered and some broken completely, many were merely marked by the wheels. The evidence also showed that some of the ties, on removal, proved to be partly rotten, and that they were so soft that the rails and tie-plates cut down from half to three-fourths of an inch into the wood. We think that this and other evidence produced at the trial sufficiently supports the judgment. The testimony tends to show, for example, that of fifty-two ties examined in detail by the witnesses, six or eight were broken through, others torn all to pieces and splintered, while many were only marked by the wheels, and that the engine ran for 250 feet along a switch over ties smaller than those over which it had passed on the main track and only marked the smaller timbers.

Defendants introduced the testimony of two of the employees of the railroad to the effect that the track at the place where the accident occurred had been duly and properly inspected shortly before the accident. This testimony did tend to show that a general inspection of the track had been made, and that the switch point near the place of subsequent derailment of the engine had been very carefully examined, but it was for the jury to determine from all of the facts and circumstances, including the interests of the witnesses themselves as employees of the Railroad Company, whether their inspections had been properly made.

Mr. Purdy, one of the witnesses for the defendants, testified that certain ties broken in two by the derailment were taken away from the track and burned, "because they were unfit for further service." He was asked if that was "the usual custom with ties rendered useless in that way." Objection to the question was sustained and the ruling is specified as error. The question should have been permitted, but appellants were not injured, because later the witness said, speaking of the section foreman who had burned the ties: "I have no authority to tell him to burn up ties inspected by other people. But that is the general custom. I suppose in this case he took it upon himself to burn them; he knowing that that has been the custom and practice."

The court instructed the jury that the mere happening of the derailment or the death of James B. Neale raised no presumption of negligence of the defendants; that the burden was upon plaintiff to show by a preponderance of evidence that the accident was proximately caused by some one or more of the specific acts of negligence charged in the complaint; and that "the mere facts that the engine was derailed and said Neale was killed, taken alone, are not to be considered by you as proof of any negligence on the part of either or any of the defendants." Appellants complain of the use of the word "proof" instead of "evidence" in the latter part of the instruction. As originally proposed the latter word was used. There is no force in this contention. It is true, as appellants indicate, that this court in *Brymer* v. *Southern Pacific Co.*, 90 Cal. 496, [27 Pac. 371], has said that the mere fact of the occurrence of an accident does not fix the liability, or even raise a presumption that the employer was at fault. But the evidence regarding such an accident is clearly admissible, so that the fact of the happening thereof, if established, may be considered in connection with other facts which might tend to make up a complete showing of negligence. This court has never said that evidence of the failure of machinery to do its allotted work may not be introduced, but the rule is that proof of the occurrence of the accident by reason of such failure, standing alone, is not proof of negligence.

The jury was instructed that it was the Railroad Company's duty to furnish its engineer a reasonably sound and safe engine upon which to perform his duties and a reasonably safe track, failing in which judgment should go for plaintiff. The counsel for appellants say that the obligation of the corporation was not to furnish a reasonably safe track, but to exercise reasonable care to furnish a reasonably safe track. In this behalf the case of *Duffy* v. *Hobbs, Wall & Co.*, 166 Cal. 210, [L. R. A. 1916F, 806, 135 Pac. 1093], is cited. The opinion in that case declares that under a well-settled rule an employer is bound to use ordinary care to see that his employees have a safe place in which to labor, and that the tools and appliances with which they are to work are in good condition and reasonably safe for the purposes intended. It is there declared that "this rule, however, does not apply between the master and the servant who is employed to perform for the master this duty to the other servants, where the

injury happens because of the failure of such servant to do that part of his duty.'' It will be seen at once that the qualification of the general rule does not apply to this case. In *Thompson* v. *California Cons. Co.*, 148 Cal. 35, [82 Pac. 367], also cited by appellants, the court was considering a situation in which a workman was employed in a quarry in which blasting was done and the conditions were constantly changing. It was held that where the servant is under the same obligation as the master to look for dangers in the place of employment, and has equal facilities for ascertaining them, and under such conditions continues to work, the master is not liable for any injuries caused by the dangers then existing, unless, after knowing or being presumed to know the dangers himself, the master urges or coerces the servant to continue the work. In *Eastern Transp. Co.* v. *Johnson*, 117 Va. 306, [84 S. E. 649], and *Southern Ry. Co.* v. *Childrey*, 113 Va. 376, [74 S. E. 221], the court said in effect that it is the duty of the master to exercise ordinary care to provide, not safe and suitable appliances and instrumentalities, but reasonably safe and suitable appliances and instrumentalities for the use of his servant. But a railroad track is not a tool given to a servant and one which he is required to observe and t' know when it becomes unsuitable and unsafe. The dangers arising from the rotting of ties are not obvious to the engineer who passes over the road at a high speed. Such dangers may only be learned by inspection, and it is the duty of the railroad company to inspect its tracks and to exercise reasonable care to keep them in a reasonably safe condition for the purposes for which they are used. The true rule has been stated many times. It will suffice to quote the language of Mr. Justice Kerrigan in *Matchette* v. *California Fruit Canners Assn.*, 33 Cal. App. 156–159, [164 Pac. 423, 424] : ''The duty of an employer to furnish an employee with a reasonably safe place to work is fulfilled when he exercises ordinary care for that purpose. . . . It was the defendant's duty to use reasonable care in providing a reasonably safe place for decedent to work.''

While the instruction criticised, if taken alone, might possibly cause jurors to place a heavier burden upon the employer than the law permits, we are of the opinion that, when taken in connection with the rest of the charge (as the jury were instructed that it must be), this instruction could not have

been misleading. The court carefully defined ordinary care and negligence, and the jury was told that plaintiff was bound to prove negligence in order to recover; that it was the duty of the corporation and defendant Purdy "to have used ordinary care in furnishing a safe track, trackage, and ties over which the engine" was being operated, and that a failure so to do would be negligence, "and if such negligence, if any, contributed to the happening of the accident as a proximate cause thereof, you will find against both of said defendants, or either of them, if shown by the evidence to have been negligent in that behalf." Taken together the instructions properly declared the law.

Nor do we think the jury could have been misled by the instructions, taken as a whole, into a belief that the Railroad Company owed to its engineer the same duty that the law imposed upon it with reference to a passenger. The jurors were carefully instructed upon the rule respecting the burden of proof, and that "the mere facts that the engine was derailed and said Neale was killed" were not, when taken alone, to be considered as proof of any negligence on the part of defendants or any one of them.

The judgment and order are affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.,* concurred.

Hearing in Bank denied.