242 P.2d 410]

Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 2793.   Mar. 31, 1952.]

THE PEOPLE, Respondent, v. ROBERT WILLIAM
AGNEW, Appellant.

( 837 )

Robert William Agnew, in pro. per., for Appellant.

Ray L. Chesebro, City Attorney, Donald M. Redwine, Assistant City Attorney, and Philip E. Grey, Deputy City Attorney, for Respondent.

BISHOP, J.—When arrested, May 15, on the ground that he had failed to yield the right of way as he made a left turn at an intersection, the defendant was given a traffic ticket, the "written notice to appear" prescribed by section 739 of the Vehicle Code. Appearing in the trial court on June 6 in response to the notice, the defendant was advised of his constitutional rights, pleaded "not guilty" and his trial was set for July 2. Between the arraignment on the traffic ticket and the date of trial a formal complaint was filed, conforming to the requirements of section 1462, Penal Code, but the defendant was never called upon to plead to this complaint, being tried and found "guilty" without any arraignment other than the one upon the traffic ticket. We agree with the defendant that this was an error in procedure. However, we have concluded that the defect was not at a jurisdictional point, did not involve due process, and neither it nor any other of the errors of which he complains, warrants a reversal of the judgment imposing a fine of $25.

Section 739.1 of the Vehicle Code prescribes the procedure pertinent to the situation.

"Whenever written notice to appear has been prepared, delivered and filed with the court, as provided in Section 739 hereof, or whenever notice of illegal parking has been given pursuant to the provisions of Section 591 hereof, an exact and legible duplicate copy of said notice when filed with the magistrate specified herein, in lieu of a verified complaint, shall notwithstanding the provisions of Section 1426 of the Penal Code, constitute a complaint to which the defendant may plead 'Guilty.'

"If, however, the defendant shall violate his promise to appear in court or shall not deposit lawful bail, or shall plead other than 'Guilty' of the offense charged, a complaint shall be filed which shall conform to the provisions of said Section 1426, Penal Code, and which shall be deemed to be an original complaint, and thereafter proceeding shall be had as provided by law; provided, that a defendant may, by an agreement in writing, subscribed by him and filed with the court, waive the filing of a verified complaint and elect that

the prosecution may proceed upon the written notice mentioned in Section 739 hereof.''

If the Legislature had attempted, by section 739.1, to make the notice to appear serve all the functions of an accusatory pleading, we might have serious doubts as to the validity of the section, but obviously no such attempt was made. To those who wish to dispose of a traffic violation charge without a formal complaint or trial, sections 739 and 739.1 afford an expeditious method. Those who exercise the option given them to plead ''guilty'' cannot well complain that they have been denied due process, as long as provision is made for the more formal procedure, in case a plea of ''guilty'' is not entered. ▮ Certain it is that the defendant, who all along has maintained his innocence, who did not plead guilty when arraigned upon the traffic ticket, and against whom a formal complaint was filed, and who had a trial, is not to be heard to contend that the provisions of section 739.1 are unconstitutional.

▮ Had the trial court proceeded to try the defendant and enter judgment without the formal complaint having been filed, the defendant would be in a position to defeat the judgment, for the court's very jurisdiction to try the case depended upon the existence of such a complaint. (*Ralph* v. *Police Court* (1948), 84 Cal.App.2d 257 [190 P.2d 632].)
▮ There is another proposition that we regard as settled with equal certainty; section 739.1 requires that a defendant against whom a formal complaint is filed, be arraigned upon it. We see no other possible interpretation to be placed upon its words: ''If, however, the defendant shall . . . plead other than 'Guilty' of the offense charged, a complaint shall be filed . . . *and thereafter proceeding shall be had as provided by law.*''

▮ It was, therefore, error not to proceed to arraign the defendant for his plea before putting him to trial. For quite a time in this state's history a reversal of the judgment would have followed such an error (*People* v. *Corbett* (1865), 28 Cal. 328; *People* v. *Gaines* (1877), 52 Cal. 479), and this even in cases, such as this, where defendant's failure to object to being brought to trial without a plea, might be said to be a waiver of a formal plea. (*People* v. *Monaghan* (1894), 102 Cal. 229 [36 P. 511].) But a reversal is no longer warranted by the mere existence of this error, since the addition of section 4½ to article VI, of the Constitution, with its admonition that ''No judgment shall be set aside, or new trial granted,

. . . for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.'' The rule of the three Supreme Court cases cited above, and their support of it, was fully recognized in *People* v. *Tomsky* (1912), 20 Cal.App. 672 [130 P. 184], but the fact that the defendant had never entered a plea to the information charging him with a felony, was held an error without prejudice and so not a ground for granting a new trial, in view of section 4½, article VI. See, also, *People* v. *Hall* (1934), 220 Cal. 166, 171-172 [30 P.2d 23, 25].

In the case before us, the defendant, as already indicated, has throughout maintained his innocence of the charge. Had he been arraigned on the formal complaint he would, without doubt, have entered a plea of ''not guilty.'' He was tried on the theory that his guilt and that matter alone was at issue. The evidence, insofar as it is intelligible to us, is sufficient to support the verdict. ▆▆ A great portion of the evidence is unintelligible to us, due to the fact that much of the testimony related to little model cars, placed by the witnesses ''here'' and ''there,'' and to places, only identified as ''here'' and ''there,'' on a map. As we are to presume that these unknown references serve to support rather than defeat the verdict (*Neale* v. *Atchison etc. Ry. Co.* (1918), 178 Cal. 225, 227 [172 P. 1105]; *Lesser* v. *McCullough* (1949), 90 Cal.App. 2d 586, 589 [203 P.2d 832, 834]; *Pomerantz* v. *Bryan Motors, Inc.* (1949), 92 Cal.App.2d 114, 117 [206 P.2d 440, 441]), we must hold the evidence ample to support it. ▆▆ It is proper, therefore, to apply to this case these words taken from *People* v. *Tomsky, supra,* 20 Cal.App. 672, 684, 685 [130 P. 184, 189-190]: ''That it is strictly true that the defendant in this case, *in point of fact,* by his omission to enter a formal plea to the information, could not have been and, indeed, was not prejudiced in the remotest degree as to his substantial rights, or, in other words, could not have been and, in truth, was not thus deprived of a full and fair trial upon the merits of the charge, is the statement of a proposition too obvious to admit of legitimate discussion. To the contrary it is plainly manifest that, the cause having been tried by both sides upon the theory that a plea of not guilty had been regularly entered, the defendant received the benefit of such a plea as fully and effectually as if the same had been formally interposed.''

■ One remaining question troubled us. Was it possible that the error of proceeding to trial without a plea was a violation of due process? This question was first answered in the affirmative, by a divided court, in *Crain* v. *United States* (1896), 162 U.S. 625, 645 [16 S.Ct. 952, 40 L.Ed. 1097, 1103], but a few years later the affirmative decision was overruled in *Garland* v. *Washington* (1914), 232 U.S. 642, 645 [34 S.Ct. 456, 58 L.Ed. 772, 775], the court quoting with approval from the dissenting opinion in the *Crain* case. The procedure is erroneous but not a denial of due process.

■ We note briefly two further errors complained of by the defendant. After a police officer had testified in cross-examination that. it was not true that the police department had the policy of calling officers on the carpet who failed to bring in a certain number of tickets each day, the trial court volunteered: "What the officer states is absolutely true. There isn't any such thing as a 'quota' system in Los Angeles." The trial judge should not have added his unsworn testimony to that of the traffic officer, but here again we have an error that was without influence upon the outcome of the case. If an officer faced censure by his superiors unless he made a minimum number of arrests each day, the fact would lend credence to any defendant's position that he had been given a traffic ticket when he did not deserve one. There was, however, no evidence of a quota system, nor any fact from which its existence could be inferred. The trial court's espousal of the department, therefore, was concerning a matter not in controversy and, we are satisfied, did not tip the scales against the defendant.

■ Another error has to do with an instruction. Section 2061, Code of Civil Procedure, lays down the rule that the jury are "to be instructed by the court on all proper occasions: . . . 3. That a witness false in one part of his testimony is to be distrusted in others." An instruction embodying this and other like principles (being number Alternate 52 of Cal. Jury Instructions, Criminal) was requested but not given. While it should have been given, because the code so declares, there is no case, of which we are aware, that reverses a judgment because of the absence of this instruction. It expresses an obvious truth (*People* v. *Delucchi* (1911), 17 Cal.App. 96, 110 [118 P. 935]), concerning a subject matter peculiarly within the province of the jury, that is, the credibility of a witness. We deem it improbable that there would have been any different result had the requested instruction

been given. The failure to give it was, therefore, another harmless error. (*People* v. *Newson* (1951), 37 Cal.2d 34, 45 [230 P.2d 618, 624].)

We have considered other contentions made by the defendant, but find none of them warrants a reversal of the judgment, nor justifies an extension of this opinion.

The judgment and the order denying the defendant a new trial are affirmed; the appeals from the verdict, and from the "judgment" denying defendant's motion for a dismissal of the action, are dismissed.

Shaw, P. J., and Stephens, J., concurred.